DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Barbara Miller appeals from the judgment of the Summit County Court of Common Pleas. We affirm.
On December 12, 1994, Miller was driving her car on Interstate 76 in Akron when her car collided with a tractor-trailer driven by appellee Paul Yuhas and owned by appellee Campos Express, Inc. Miller and her husband filed suit against Yuhas and Campos Express in the Summit County Court of Common Pleas on April 4, 1995, alleging that Miller was injured as a result of Yuhas' negligence.
A jury trial was held on December 12 and 13, 1996. The case was submitted to the jury on December 16, 1996, and the jury found in favor of Yuhas and Campos Express. Miller moved for a new trial, and the trial court denied the motion. Miller now appeals to this court.
Miller asserts one assignment of error:
 REVERSIBLE ERROR OCCURRED AT TRIAL WHEN THE DEFENDANT APPELLEE WAS ALLOWED TO TESTIFY, OVER OBJECTION, THAT THE CITATION ISSUED AGAINST HIM HAD BEEN "THROWN OUT OF COURT". [sic]
At trial, Yuhas was the defendants' final witness. At the close of Yuhas' testimony, the following exchange occurred:
 Q [by counsel for defendants]. Did you come back here to Akron any other time to give [the police] further information?
 A [by Yuhas]. Yes. When [a police officer] filled the reports out, the cops came up and we got in the car, and they cited me for changing lanes without due regard.
 So I had to come back to Akron and plead not guilty to it, because I felt, in my opinion, I wasn't changing lanes and it should be fair and even.
 I says to the cop, I says, "Why am I taking it? You didn't even look at my truck to see where my damage was done or anything else," and I says, "And you're giving me a ticket?"
He was giving me a ticket on her [Miller's] opinion.
Q. He wasn't there, was he?
 A. No, he wasn't. It took them twenty-five to thirty minutes to get there.
 Q. And you came back here on how many occasions to fight that?
A. Three times.
Q. And what happened?
MR. HIMMEL [counsel for Miller] Objection.
A. It was thrown out of court.
THE COURT: Mr. Himmel?
 MR. HIMMEL: Your Honor, I have no questions for this witness.
 THE COURT Thank you very much, Mr. Yuhas, you're excused.
The defense then rested. After the jury was excused, the court made clear that it had overruled Miller's objection. The trial court later gave the jury the following instruction as part of the overall jury charge:
 And I'm specifically instructing you to disregard the testimony Mr. Yuhas gave regarding a citation he received and its dismissal.
 You will determine from the state of the evidence presented here whether or not any party was negligent. What happens in a traffic court is no concern of yours.
Miller argues that the court's curative instruction was insufficient to prevent Miller from being prejudiced by Yuhas' testimony, citing Difeo v. Carder (May 6, 1987), Summit App. No. 12924, unreported.
In Difeo, the plaintiff (represented by Miller's present attorney) moved in limine to prevent any testimony about the defendant receiving a citation or the defendant's acquittal on the citation charge. The motion was granted, but later re-evaluated when the trial court believed that plaintiff had "opened the door" on the issue. Plaintiff objected. Thereafter, the trial court gave this curative instruction:
 THE COURT: Ladies and gentlemen, testimony has been elicited that the Defendant here was given a ticket at the scene of the accident, was cited. We don't know what the citation was for, what mcrime, and this ticket was given at the site of the accident. He later was brought to trial and was found to be not guilty. Therefore, you must treat this situation as though he never received a citation. He was found not guilty. You're going to have to handle this as though he never received the citation in the first place. The not-guilty finding rendered the citation null and void. Assume for the purpose of this trial that it never happened. The citation has nothing to do with this case and in no way must you consider this citation in relation to this dispute.
Id. at 6. This court reversed and remanded for a new trial, holding that the citation evidence was inadmissible and that the trial court's curative instruction did not overcome the prejudicial effect of the citation evidence.
We find Difeo distinguishable from the case at bar. Unlike the plaintiff in Difeo, Miller did not move in limine to exclude any citation testimony, and Miller did not object to Yuhas' testimony until he attempted to testify as to the disposition of the citation. The curative instruction in the case at bar is very different from the instruction given by the trial court in Difeo. The court clearly instructed the jury to disregard Yuhas' citation testimony. A jury is presumed to follow the instructions given by the trial court. State v. Garner (1995), 74 Ohio St.3d 49, 59. Furthermore, Miller did not object to the curative instruction. See State v. Butler (Feb. 5, 1997), Lorain App. No. 96CA006343, unreported, at 4-5. We find no prejudice to Miller. Accordingly, Miller's sole assignment is overruled.
Miller's assignment is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
BAIRD, P. J.
MILLIGAN, J. CONCUR.
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)